Mark Zeichner (MZ-6106)
Yoav M. Griver (YG-1268)
Zeichner Ellman & Krause LLP
575 Lexington Avenue
New York, New York 10022
Tel. (212) 223-0400

Steven M. Weinberg (SW-2381)
Greenberg Glusker Fields Claman & Machtinger
1900 Avenue of the Stars
Los Angeles CA 90067
Tel. (310) 201-7408

Attorneys for plaintiffs American Home Mortgage
 Investment, Corp. and American Home Mortgage Corp.



**JUDGE PRESKA**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------
AMERICAN HOME MORTGAGE INVESTMENT,  **07 CIV 4077**
CORP., a Maryland Corporation,                      : Case No. _____
 and AMERICAN HOME MORTGAGE CORP.,
a New York Corporation,

                                                                           :
                                                                                 **COMPLAINT**
                                                Plaintiffs,     :

            -against-                                                :


AMERICAN HOME BANK, N.A.,                        :
a National Banking Association,
                                                                           :
                                                Defendant.
------------------------------------------------------------X

## NATURE OF THE CLAIMS

1.  This is an action for service mark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1); and the use of false designations in commerce and false representations in commerce in violation of Section 43(a) of the Lanham Act, 15

U.S.C. §1125(a), and for common law service mark infringement, unfair competition, and deceptive trade practices under the laws of the State of New York.

## PARTIES

2.  Plaintiff AMERICAN HOME MORTGAGE INVESTMENT CORP. is a Maryland Corporation, with its principal place of business at 538 Broadhollow Road, Melville, New York, and Plaintiff AMERICAN HOME MORTGAGE CORP. is a New York Corporation, with its principal place of business at 538 Broadhollow Road, Melville, New York. Plaintiffs collectively are referred to herein as "AMERICAN HOME."

3.  Defendant AMERICAN HOME BANK, N.A., upon information and belief is a National Banking Association, with its principal place of business at 3840 Hempland Road, Mountville, PA 17554

## JURISDICTION AND VENUE

4.  This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338; and 15 U.S.C. §§1116 and 1121. This Court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

5.  This Court has personal jurisdiction over the Defendant because Defendant solicits and, upon information and belief, transacts and does business within this judicial District. Accordingly, venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 (b).

## FACTUAL ALLEGATIONS

### PLAINTIFFS' AMERICAN HOME MARKS

6. AMERICAN HOME was organized in or about April, 1988, was initially registered as a mortgage broker with the New York State Banking Department, and, on or about March 11, 1993, was licensed by the Banking Department as a mortgage banker.

7. Since then, AMERICAN HOME has grown to become one of the largest and most well-known residential mortgage lenders and brokers in the country.

8. AMERICAN HOME uses the names AMERICAN HOME and AMERICAN HOME MORTGAGE as its business names and service marks in all of its advertising and promotional activities.

9. AMERICAN HOME has engaged in substantial local and national advertising and promoting the AMERICAN HOME MORTGAGE service mark.

10. AMERICAN HOME has expended substantial resources in developing and cultivating relationships with others throughout the country under the AMERICAN HOME MORTGAGE service mark who, as part of their business, have occasion to recommend sources of home financing.

11. AMERICAN HOME has established over 570 retail and wholesale mortgage offices in 46 states plus the District of Columbia in the United States, including eleven retail and one wholesale offices in the State of Pennsylvania, where Defendant is based.

12. As a result of all of these activities, the inherently distinctive AMERICAN HOME MORTGAGE service mark has acquired secondary meaning, and is recognized as a service mark by the relevant public, which associates the mark with AMERICAN HOME.

13. AMERICAN HOME is the owner of valid and subsisting federal registrations of the AMERICAN HOME MORTGAGE mark for Mortgage and Home Equity Loan Services, namely, originating and servicing mortgages and home equity loans (Reg. No. 3156153 and AMERICAN HOME MORTGAGE INVESTMENT CORP. for investment services, namely, investment in real estate investment trusts; mortgage and home equity loan services. (Reg. No. 3059692) and owns valid and subsisting applications for registration of other marks containing the AMERICAN HOME MORTGAGE mark, including AMERICAN HOME MORTGAGE (Serial No. 78447205); AMERICAN HOME MORTGAGE INVESTMENT CORP. (Serial No 78277978); AMERICAN HOME MORTGAGE CHOICE SERIES (Serial No. 78457878); AMERICAN HOME MORTGAGE CHOICE ALT-A (Serial No. 78457889); AMERICAN HOME MORTGAGE CHOICE FLEX (Serial No. 78457885); AMERICAN HOME MORTGAGE CHOICE EXPANDED (Serial No. 78457871); and AMERICAN HOME MORTGAGE CHOICE EXPRESS (Serial No. 78457804).

14. As a result of AMERICAN HOME's extensive use of these AMERICAN HOME MORTGAGE marks and the public recognition of AMERICAN HOME, the relevant public understands the use of the words "AMERICAN HOME" as used for financial services as being associated with Plaintiffs.

15. On October 19, 2006, AMERICAN HOME acquired Flower Bank, fsb, and on or about February 2, 2007 changed the name of the bank to AMERICAN HOME BANK.

16. On May 10, 2006, AMERICAN HOME filed a federal application for registration of AMERICAN HOME BANK for financial services, namely banking

services and mortgage lending and financing services; mortgage brokerage services, Serial No. 78880990.

17. AMERICAN HOME BANK offers its services nationally.

18. The name AMERICAN HOME BANK for a bank owned by AMERICAN HOME is the natural extension of the AMERICAN HOME MORTGAGE marks, and by virtue of the association of AMERICAN HOME marks with Plaintiffs, would be associated with AMERICAN HOME.

## DEFENDANT'S ACTS

19. Upon information and belief, in or around April 2002, Defendant began using the name AMERICAN HOME BANK for various banking services, primarily serving Lancaster County PA.

20. Upon information and belief, AMERICAN HOME BANK has been expanding, and is continuing to expand, the marketing of its services, including retail and wholesale mortgage lending, nationally in competition with AMERICAN HOME.

21. AMERICAN HOME markets its AMERICAN HOME MORTGAGE and AMERICAN HOME BANK services in Pennsylvania, in New York, and nationally.

22. The use by Defendant of the AMERICAN HOME BANK name for services directly competitive with AMERICAN HOME is likely to cause confusion with and compete unfairly with AMERICAN HOME.

## FIRST CLAIM FOR RELIEF

### Service Mark Infringement
### Under Section 32(1) of the Lanham Act

23. AMERICAN HOME hereby realleges and incorporates all previous allegations of this Complaint.

24. Defendant' conduct as alleged herein constitutes service mark infringement of AMERICAN HOME's federally registered AMERICAN HOME MORTGAGE mark in that Defendant's use of the name and mark AMERICAN HOME BANK creates the likelihood that the relevant public will be confused into believing that the Defendant and its business is in some manner associated or connected with AMERICAN HOME and/or its AMERICAN HOME MORTGAGE service mark .

25. Defendant's acts complained of herein have damaged AMERICAN HOME and, unless enjoined, will continue to damage and cause irreparable injury to AMERICAN HOME's reputation and goodwill.

26. AMERICAN HOME has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### Service Mark Infringement
### Under Section 43(a) of the Lanham Act

27. AMERICAN HOME hereby realleges and incorporates all previous allegations of this Complaint.

28. Defendant' conduct as alleged herein constitutes service mark infringement of AMERICAN HOME's AMERICAN HOME MORTGAGE, AMERICAN HOME and AMERICAN HOME BANK marks in that Defendant's use of the name and mark AMERICAN HOME BANK creates the likelihood that the relevant public will be confused into believing that the Defendant and its business is in some manner associated or connected with AMERICAN HOME and/or its AMERICAN HOME MORTGAGE service mark and/or its AMERICAN HOME BANK service mark.

29. Defendant's acts complained of herein have damaged AMERICAN HOME and, unless enjoined, will continue to damage and cause irreparable injury to AMERICAN HOME's reputation and goodwill.

30. AMERICAN HOME has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF

**Use of False Designations and False Representations in Commerce Under Section 43(a) of the Lanham Act**

31. AMERICAN HOME hereby realleges and incorporates all previous allegations of this Complaint.

32. Defendant's conduct as alleged herein constitutes the use of false designations of origin in commerce and the use of false and misleading representations in commerce in that Defendant' use of the name AMERICAN HOME BANK creates the false and misleading impression that, and the relevant public is likely to mistakenly believe that Defendant and its business is in some manner associated or connected with AMERICAN HOME and/or its AMERICAN HOME MORTGAGE or AMERICAN HOME BANK names and service marks.

33. Defendant's acts complained of herein have damaged AMERICAN HOME and, unless enjoined, will continue to damage and cause irreparable injury to AMERICAN HOME's reputation and goodwill.

34. AMERICAN HOME has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

### Common Law Service Mark Infringement and Unfair Competition Under the Laws of the State of New York

35. AMERICAN HOME hereby realleges and incorporates all previous allegations of this Complaint.

36. AMERICAN HOME has built up valuable goodwill in the AMERICAN HOME name and marks.

37. Defendant's intentional use of the name and mark AMERICAN HOME BANK to identify directly competitive services with Plaintiff's AMERICAN HOME MORTGAGE and AMERICAN HOME services is likely to cause confusion among consumers as to the source of the services and to deceive consumers into believing that Defendant' services are in some way associated with AMERICAN HOME or its AMERICAN HOME MORTGAGE name or mark, all to the detriment of AMERICAN HOME and the unjust enrichment of Defendant.

38. Defendant's acts as aforesaid were intentionally designed to trade-off the goodwill of the AMERICAN HOME name and goodwill, and to wrongfully benefit from the public and trade's prior association with AMERICAN HOME and the AMERICAN HOME MORTGAGE name and mark.

39. The acts of Defendant as aforesaid constitute acts of common law service mark infringement and unfair competition with Plaintiff in violation of the laws of the State of New York.

40. Defendant's acts have caused and will continue to cause AMERICAN HOME irreparable harm unless enjoined by this Court.

41. Plaintiff has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF

### Deceptive Trade Practices Under the Laws of the State of New York

42. AMERICAN HOME hereby realleges and incorporates all previous allegations of this Complaint.

43. Defendant's intentional advertisement, marketing, and use of the name and mark AMERICAN HOME BANK to identify directly competitive services with Plaintiff's AMERICAN HOME MORTGAGE and AMERICAN HOME services is a consumer-oriented act materially deceiving or misleading to consumers. Defendant's intentional advertisement, marketing, and use is materially deceiving or misleading because it misrepresents or gives the false impression as to the source of the services and deceives consumers into believing that Defendant' services are in some way associated with AMERICAN HOME or its AMERICAN HOME MORTGAGE name or mark, all to the detriment of AMERICAN HOME and the unjust enrichment of Defendant.

44. Defendant's acts as aforesaid were intentionally designed to trade-off the goodwill of the AMERICAN HOME name and goodwill, and to wrongfully benefit from the public and trade's prior association with AMERICAN HOME and the AMERICAN HOME MORTGAGE name and mark.

45. The acts of Defendant as aforesaid constitute deceptive trade practices under New York General Business Law §§ 349 et seq. and common law, and was willful, deliberate, malicious and/or in reckless disregard of Plaintiffs' rights.

46. Defendant's acts have caused and will continue to cause AMERICAN HOME irreparable harm unless enjoined by this Court.

47. Plaintiff has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, AMERICAN HOME prays:

A.  For judgment that Defendant:

(1) has violated Section 32(1) of the Lanham Act;

(2) has violated Section 43(a) of the Lanham Act; and

(3) has engaged in unfair competition and service mark infringement under the laws of the State of New York;

(4) has engaged in deceptive trade practices in violation of New York General Business Law § 349 et seq.; and

B.  For preliminary and permanent injunctions, restraining and enjoining Defendant, its agents, servants, directors, principals, officers, employees, successors, assigns and all those acting under its control from (i) continuing to operate their business under the name AMERICAN HOME BANK or any other name or mark that is likely to cause confusion with Plaintiff's AMERICAN HOME, AMERICAN HOME MORTGAGE and AMERICAN HOME BANK names or marks, and (b) from otherwise unfairly competing with AMERICAN HOME, and

C.  That Defendant be directed to pay and account to AMERICAN HOME all damages it has sustained by reason of the aforementioned violations to the full extent provided for by the Lanham Act, and by the common law of unfair competition, and

D.  That Defendant, pursuant to 15 U.S.C. § 1117, be required to pay AMERICAN HOME an amount equal to treble the amount of all damages incurred by it as a result of Defendant's intentional infringement and unfair competition; and

E.  That Defendant be directed to pay to AMERICAN HOME its reasonable costs and attorneys' fees incurred in connection with this action due to Defendant's infringement and unfair competition; and

F.  That Defendant, pursuant to New York General Business Law § 349 et seq., be required to pay the amount of damages incurred by it as a result of Defendant's deceptive trade practices, and is further entitled to attorneys fees and trebled damages as a result of the willful and malicious nature of Defendant's acts.

G.  That Defendant be required, pursuant to 15 U.S.C. § 1118, to deliver to this Court or to AMERICAN HOME'S authorized agents, all advertising and promotional materials, source code, computer back ups, labels, cartons, brochures, business stationary, calling cards, information sheets, posters, signs and other printed or graphic materials of any type, including the plates, molds or any other means for producing the same which bear the AMERICAN HOME BANK and any other AMERICAN HOME marks; and

H.  That Defendant be directed to file with this Court and serve upon AMERICAN HOME, within five (5) days after entry of an order granting injunctive relief, a report, in writing and under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction; and

I.  That AMERICAN HOME be awarded such other and further relief as this Court deems just and proper.

DATED: May 24, 2007            ZEICHNER ELLMAN & KRAUSE LLP

By _____
Mark Zeichner (MZ- 6106)
Yoav M. Griver (YG-1268)
575 Lexington Avenue
New York, New York 10022
Tel. (212) 223-0400

Of Counsel:
Steven M. Weinberg, Esq.
Greenberg Glusker Fields Claman & Machtinger
1900 Avenue of the Stars
Los Angeles CA 90067
Tel. (310) 201-7408

1586257.1
03681-00001