MORRISON & FOERSTER LLP
James E. Hough (JH 1066)
Jamie A. Levitt
Rachel L. Quitkin
1290 Avenue of the Americas
New York, NY  10104-0050
212.468.8000
Attorneys for Defendant
American Home Bank, N.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
    :
AMERICAN HOME MORTGAGE INVESTMENT,  :
CORP., a Maryland Corporation, and AMERICAN  :
HOME MORTGAGE CORP., a New York  :
Corporation ,  :
    :
    Plaintiffs,  :
    :
    -against-  :
    :
AMERICAN HOME BANK, N.A., a National  :
Banking Association,  :
    :
    Defendant.  :
    :
------------------------------------------------------------------ x
------------------------------------------------------------------ x
    :
AMERICAN HOME BANK, N.A., a National  :
Banking Association  :
    :
    Counterclaim-Plaintiffs,  :
    :
    -against-  :
    :
AMERICAN HOME MORTGAGE INVESTMENT,  :
CORP., a Maryland Corporation, AMERICAN  :
HOME MORTGAGE CORP., a New York  :
Corporation and AMERICAN HOME BANK, an  :
Illinois Savings Association,  :
    :
    Counterclaim-Defendants.  :
------------------------------------------------------------------ x

Index No.  07 CIV 4077 (LAP)


**ANSWER AND
COUNTERCLAIMS**


**Demand for Jury Trial**

Defendant American Home Bank, N.A. ("AMERICAN HOME BANK"), by and through its undersigned counsel, hereby answers the Complaint of Plaintiffs American Home Mortgage Investment Corp. ("AHMI") and American Home Mortgage Corp. ("AHMC") (collectively "AMERICAN HOME MORTGAGE") dated May 24, 2007 in the above-captioned action ("the Complaint") and asserts the following affirmative defenses and counterclaims:

## ANSWER TO COMPLAINT

1.      In response to the allegations in Paragraph 1 of the Complaint, AMERICAN HOME BANK admits that AMERICAN HOME MORTGAGE purports to bring this action under Sections 32(1) and 43(a) of the Lanham Act, and asserts claims for common law service mark infringement, unfair competition and deceptive trade practices under the laws of the State of New York.  AMERICAN HOME BANK denies that AMERICAN HOME MORTGAGE has any valid claim under the asserted statutes or common law causes of action.

2.      AMERICAN HOME BANK is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and, on that basis, denies those allegations.

3.      AMERICAN HOME BANK admits the allegations in Paragraph 3 of the Complaint.

4.      In response to the allegations in Paragraph 4 of the Complaint, AMERICAN HOME BANK admits that this Court has subject matter jurisdiction over the Lanham Act claims under 28 U.S.C. §§1331 and 1332, and 15 U.S.C. §§ 1116 and 1121.  AMERICAN HOME BANK also admits that this Court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

5.      In response to the allegations in Paragraph 5 of the Complaint, AMERICAN HOME BANK admits that it solicits business from residents within this judicial district and does business within this judicial district.  AMERICAN HOME BANK admits that venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

6.      AMERICAN HOME BANK is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and, on that basis, denies those allegations.

7.      AMERICAN HOME BANK is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and, on that basis, denies those allegations.

8.      AMERICAN HOME BANK admits the allegations in Paragraph 8 of the Complaint.

9.      AMERICAN HOME BANK is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and, on that basis, denies those allegations.

10.      AMERICAN HOME BANK is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, on that basis, denies those allegations.

11.      AMERICAN HOME BANK is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and, on that basis, denies those allegations.

12.      In response to the allegations in Paragraph 12 of the Complaint, AMERICAN HOME BANK denies that AMERICAN HOME MORTGAGE is inherently distinctive, denies

that the AMERICAN HOME MORTGAGE service mark has acquired secondary meaning and denies that the AMERICAN HOME MORTGAGE service mark is associated with AMERICAN HOME MORTGAGE.  AMERICAN HOME BANK avers that the AMERICAN HOME MORTGAGE service mark is not associated with AMERICAN HOME MORTGAGE due to AMERICAN HOME MORTGAGE's failure to police its service mark and the resulting widespread use of similar marks by unrelated third parties.

13.    In response to the allegations in Paragraph 13 of the Complaint, AMERICAN HOME BANK is without sufficient knowledge or information to form a belief as to whether AMERICAN HOME MORTGAGE is the owner of the AMERICAN HOME MORTGAGE mark for Mortgage and Home Equity Loan Services, namely originating and servicing mortgage and home equity loans and the AMERICAN HOME MORTGAGE INVESTMENT CORP. mark for investment services, namely, investment in real estate investment trusts, mortgage and home equity loan services and, on that basis, denies those allegations.  AMERICAN HOME BANK is without sufficient knowledge or information to form a belief as to whether AMERICAN HOME MORTGAGE is the owner of valid and subsisting applications for registration of marks containing the AMERICAN HOME MORTGAGE mark, including AMERICAN HOME MORTGAGE, Serial No. 78447205 and AMERICAN HOME MORTGAGE INVESTMENT CORP., Serial No. 78277978 and, on that basis, denies those allegations.  AMERICAN HOME BANK denies that AMERICAN HOME MORTGAGE owns valid and subsisting applications for registration of marks containing the AMERICAN HOME MORTGAGE mark including AMERICAN HOME MORTGAGE CHOICE SERIES, Serial No. 78457878, AMERICAN HOME MORTGAGE CHOICE ALT-A, Serial No. 78457889, AMERICAN HOME MORTGAGE CHOICE FLEX, Serial No. 78457885, AMERICAN HOME MORTGAGE

CHOICE EXPANDED, Serial No. 78457871 and AMERICAN HOME MORTGAGE CHOICE EXPRESS, Serial No. 78457804.  Upon information and belief, applications bearing the foregoing Serial Numbers have been abandoned.  AMERICAN HOME BANK is without sufficient knowledge or information to form a belief as to whether AMERICAN HOME MORTGAGE owns any other valid and subsisting applications for registration of marks containing the AMERICAN HOME MORTGAGE mark and, on that basis, denies those allegations.

14.    AMERICAN HOME BANK denies the allegations in Paragraph 14 of the Complaint.

15.    AMERICAN HOME BANK is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and, on that basis, denies those allegations.

16.    In response to the allegations in Paragraph 16, AMERICAN HOME BANK admits that on May 10, 2006, AMERICAN HOME MORTGAGE filed a federal application for registration of AMERICAN HOME BANK for financial services, namely banking services and mortgage and financing services, mortgage brokerage services, Serial No. 78880990. AMERICAN HOME BANK avers that AMERICAN HOME MORTGAGE filed its federal application for registration of AMERICAN HOME BANK after AMERICAN HOME BANK filed its own application for registration of its mark, AMERICAN HOME BANK.

17.    AMERICAN HOME BANK is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and, on that basis, denies those allegations.

18.    AMERICAN HOME BANK denies the allegations in Paragraph 18 of the Complaint.

19.    AMERICAN HOME BANK denies the allegations in Paragraph 19 of the Complaint, and avers that it began using the name and mark AMERICAN HOME BANK for a wide range of banking and mortgage lending services in Pennsylvania and throughout the United States on August 6, 2001.

20.    AMERICAN HOME BANK admits the allegations in Paragraph 20 of the Complaint, and avers that it began using the AMERICAN HOME BANK service mark prior to AMERICAN HOME MORTGAGE.

21.    AMERICAN HOME BANK is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and, on that basis, denies those allegations.

22.    In response to Paragraph 22 of the Complaint, AMERICAN HOME BANK denies that its use of the AMERICAN HOME BANK name for services directly competitive with AMERICAN HOME MORTGAGE is likely to cause confusion with and compete unfairly with AMERICAN HOME MORTGAGE and avers that AMERICAN HOME BANK has priority in the service mark AMERICAN HOME BANK, such that any confusion regarding the mark injures AMERICAN HOME BANK.

23.    AMERICAN HOME BANK realleges and incorporates its responses to the allegations set forth in Paragraphs 1 through 22 of the Complaint.

24.    Upon information and belief, AMERICAN HOME BANK admits that AMERICAN HOME MORTGAGE federally registered the AMERICAN HOME MORTGAGE mark, denies the remaining allegations in Paragraph 24 of the Complaint and further avers that,

AMERICAN HOME MORTGAGE's AMERICAN HOME MORTGAGE mark is invalid and unenforceable because the AMERICAN HOME MORTGAGE service mark is descriptive and because there is widespread use of the mark by third parties. AMERICAN HOME BANK further avers that there is no basis for confusion between AMERICAN HOME MORTGAGE and AMERICAN HOME BANK and that AMERICAN HOME BANK has priority in the AMERICAN HOME BANK service mark due to AMERICAN HOME BANK's earlier use of the AMERICAN HOME BANK service mark and its prior filing for registration of the mark at the Unites States Patent and Trademark Office ("USPTO").

25.    AMERICAN HOME BANK denies the allegations set forth in Paragraph 25 of the Complaint.

26.    AMERICAN HOME BANK states that Paragraph 26 of the Complaint constitutes a legal assertion to which no response is required.

27.    AMERICAN HOME BANK realleges and incorporates its responses to the allegations set forth in Paragraphs 1 through 27 of the Complaint.

28.    AMERICAN HOME BANK denies the allegations as set forth in Paragraph 28 of the Complaint, and avers that AMERICAN HOME BANK has prior rights in the AMERICAN HOME BANK service mark and that there is no likelihood of confusion between AMERICAN HOME BANK and AMERICAN HOME MORTGAGE.

29.    AMERICAN HOME BANK denies the allegations set forth in Paragraph 29 of the Complaint.

30.    AMERICAN HOME BANK states that Paragraph 30 of the Complaint constitutes a legal assertion to which no response is required.

31.    AMERICAN HOME BANK realleges and incorporates its responses to the allegations set forth in Paragraphs 1 through 31 of the Complaint.

32.    AMERICAN HOME BANK denies the allegations in Paragraph 32 of the Complaint and avers that AMERICAN HOME BANK has prior rights in the AMERICAN HOME BANK service mark and that there is no likelihood of confusion between AMERICAN HOME BANK and AMERICAN HOME MORTGAGE.

33.    AMERICAN HOME BANK denies the allegations in Paragraph 33 of the Complaint.

34.    AMERICAN HOME BANK hereby states that Paragraph 34 of the Complaint constitutes a legal assertion to which no response is required.

35.    AMERICAN HOME BANK realleges and incorporates its responses to the allegations set forth in Paragraphs 1 through 35 of the Complaint.

36.    AMERICAN HOME BANK is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint and, on that basis, denies those allegations.

37.    AMERICAN HOME BANK denies the allegations in Paragraph 37 of the Complaint and avers that AMERICAN HOME BANK has prior rights in the AMERICAN HOME BANK service mark and that there is no likelihood of confusion between AMERICAN HOME BANK and AMERICAN HOME MORTGAGE.

38.    AMERICAN HOME BANK denies the allegations in Paragraph 38 of the Complaint.

39.    AMERICAN HOME BANK denies the allegations in Paragraph 39 of the Complaint.

40.    AMERICAN HOME BANK denies the allegations in Paragraph 40 of the Complaint.

41.    AMERICAN HOME BANK states that Paragraph 41 of the Complaint constitutes a legal assertion to which no response is required.

42.    AMERICAN HOME BANK realleges and incorporates its responses to the allegations set forth in Paragraphs 1 through 42 of the Complaint.

43.    AMERICAN HOME BANK denies the allegations in Paragraph 43 of the Complaint and avers that AMERICAN HOME BANK has prior rights in the AMERICAN HOME BANK service mark and that there is no likelihood of confusion between AMERICAN HOME BANK and AMERICAN HOME MORTGAGE.

44.    AMERICAN HOME BANK denies the allegations in Paragraph 44 of the Complaint.

45.    AMERICAN HOME BANK denies the allegations in Paragraph 45 of the Complaint.

46.    AMERICAN HOME BANK denies the allegations in Paragraph 46 of the Complaint.

47.    AMERICAN HOME BANK states that Paragraph 41 of the Complaint constitutes a legal assertion to which no response is required.

## **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense**
(Failure to State a Claim)

48.    The Complaint fails to state a claim upon which relief may be granted.

### **Second Affirmative Defense**
(No Protectable U.S. Trademark Registration)

ny-760762

49.     AMERICAN HOME MORTGAGE is not the owner of a valid U.S. Trademark Registration for the service mark "American Home Bank."

### Third Affirmative Defense
(No Protectable Trademark Rights)

50.     AMERICAN HOME MORTGAGE is not the owner of a valid and protectable service mark for "American Home Bank."

### Fourth Affirmative Defense
(Widespread Use by Third Parties)

51.     AMERICAN HOME MORTGAGE has no defensible rights in the AMERICAN HOME MORTGAGE service mark due to widespread use of the mark by unrelated third parties such that AMERICAN HOME MORTGAGE does not function as a service mark.

### Fifth Affirmative Defense
(AMERICAN HOME BANK'S Priority)

52.     AMERICAN HOME BANK has priority in the AMERICAN HOME BANK service mark due both to its earlier use of the mark and its prior filing for registration of the mark.

### Sixth Affirmative Defense
(No Compensable Damages)

53.     AMERICAN HOME MORTGAGE has not suffered any loss, injury or damages as a result of any of the actions taken by AMERICAN HOME BANK, and AMERICAN HOME MORTGAGE is therefore barred from asserting any cause of action against AMERICAN HOME BANK.

### Seventh Affirmative Defense
(Waiver, Estoppel and Unclean Hands)

54.    AMERICAN HOME MORTGAGE's claims are barred, in whole or in part, under the doctrines of waiver, estoppel and unclean hands.

**Eighth Affirmative Defense**
(Reservation of Right)

55.    AMERICAN HOME BANK reserves the right, upon completion of its discovery and investigation or otherwise, to assert such additional defenses as may be appropriate.

## COUNTERCLAIMS

Defendant Counterclaim-Plaintiff American Home Bank, N.A. ("AMERICAN HOME BANK"), by and through its undersigned counsel, for its counterclaims against Plaintiff Counterclaim-Defendants American Home Mortgage Investment Corporation ("AHMI") and American Home Mortgage Corporation ("AHMC") and Counterclaim-Defendant American Home Bank ("AHMB") (collectively, "AMERICAN HOME MORTGAGE" or "Counterclaim-Defendants") alleges on knowledge with respect to its own acts and on information and belief with respect to all other matters:

56.    Counterclaim-Plaintiff American Home Bank, N.A. is a National Banking Association, with a principal place of business at 3840 Hempland Road, Mountville, Pennsylvania 17554.

57.    Counterclaim-Defendant AHMI is a Maryland Corporation, with its principal place of business at 538 Broadhollow Road, Melville, New York 11747.

58.    Counterclaim-Defendant AMHI is a mortgage real estate investment trust ("REIT").  Counterclaim-Defendant AMHI's primary business is acquiring mortgages and other liens on and interests in real estate.  Under applicable provisions of the United States Tax Code,

AHMI cannot continue to qualify as a REIT if it is, or is deemed to be, a financial institution as referred to in Section 582(c)(2) of the Tax Code.

59.    Counterclaim-Defendant AHMC is a New York Corporation with a principal place of business at 538 Broadhollow Road, Melville, New York 11747.

60.    Counterclaim-Defendant AHMB is a Savings Association with a principal place of business at 220 West Huron Street, Suite 1000 Chicago, Illinois 60610.  Counterclaim-Defendant AHMB did business under the name "Flower Bank, fsb" until on or about February 1, 2007.

61.    Pursuant to Federal Rule of Civil Procedure 38(b), Counterclaim-Plaintiff AMERICAN HOME BANK hereby demands a trial by jury of all issues triable in this action.

## JURISDICTION AND VENUE

62.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. §§ 1116 and 1121.  This Court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

63.    This Court has personal jurisdiction over AMERICAN HOME MORTGAGE because both Counterclaim-Defendant AHMI and Counterclaim-Defendant AHMC reside within this Judicial District.  Venue is therefore proper in this Judicial District pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS
### Counterclaim-Plaintiff's History

64.    On or about January 11, 2001, the organizers of Counterclaim-Plaintiff American Home Bank, N.A. ("AMERICAN HOME BANK") filed an application for a national bank charter with the Office of the Comptroller of the Currency (the "OCC").  The OCC granted

provisional charter approval on April 26, 2001 and final charter approval on August 4, 2001, and

American Home Bank, N.A. commenced operations on August 6, 2001.

65.     Counterclaim-Plaintiff AMERICAN HOME BANK owns the domain names

"www.bankahb.com," and "www.AmericanHomeBank.com."

66.     An application to register Counterclaim-Plaintiff's AMERICAN HOME BANK

mark was filed with the USPTO on January 22, 2001.

67.     Counterclaim-Plaintiff AMERICAN HOME BANK began doing business under

the name AMERICAN HOME BANK as soon as it was permitted to conduct banking business

by the OCC on or about August 2001.  Thereafter, Counterclaim-Plaintiff AMERICAN HOME

BANK has continuously and conspicuously used the service mark AMERICAN HOME BANK

in all aspects of its business.  Counterclaim-Plaintiff AMERICAN HOME BANK's

AMERICAN HOME BANK service mark has appeared in the trade press, general press and

advertising distributed throughout the United States.

68.     Under the name AMERICAN HOME BANK, Counterclaim-Plaintiff

AMERICAN HOME BANK offers a variety of banking services, including consumer and

commercial deposit accounts, online banking access and construction lending.  AMERICAN

HOME BANK's customers access their accounts from AMERICAN HOME BANK's retail

locations, at over 40 ATM locations or through AMERICAN HOME BANK's website.

Counterclaim-Plaintiff AMERICAN HOME BANK's primary business is originating and

servicing residential mortgages.  To date, Counterclaim-Plaintiff AMERICAN HOME BANK

and its affiliates have closed loans in 46 states, with the aggregate original principal balances of

these loans totaling approximately $4 billion.

69.    Counterclaim-Plaintiff AMERICAN HOME BANK has earned national recognition for its excellence in the mortgage lending industry.

70.    Through more than six years of use and due to Counterclaim-Plaintiff AMERICAN HOME BANK's history and success in both its regional market and throughout the United States, Counterclaim-Plaintiff AMERICAN HOME BANK has acquired secondary meaning in the AMERICAN HOME BANK service mark.  The relevant public recognizes the AMERICAN HOME BANK service mark as a designation of Counterclaim-Plaintiff AMERICAN HOME BANK's locations and services.

## Counterclaim-Defendants' Acts

71.    Counterclaim-Defendant AHMI is organized as a Real Estate Investment Trust ("REIT").

72.    Due to its status as a REIT, Counterclaim-Defendant AHMI is prohibited from operating as a financial institution.  Counterclaim-Defendant AHMI is primarily engaged in real estate investment activities, on its own and through its subsidiary, Counterclaim-Defendant AHMC.  Counterclaim-Defendant AHMI does not originate or service mortgage loans.

73.    Counterclaim-Defendant AHMC's primary business is the processing of mortgage applications for the benefit of Counterclaim-Defendant AHMI.

74.    Counterclaim-Defendant AMERICAN HOME MORTGAGE has failed to police its rights in its service mark AMERICAN HOME MORTGAGE, as dozens, if not hundreds, of other entities use some combination of the terms "American" "Home" and "Mortgage" in connection with servicing and originating mortgage loans.

75.    On or about October 19, 2006, Counterclaim-Defendant AMERICAN HOME MORTGAGE acquired Flower Bank, fsb, now called American Home Bank and referred to

herein as Counterclaim-Defendant AHMB, in order to expand into the banking business despite Counterclaim-Plaintiff's prior filing to register and use of the mark AMERICAN HOME BANK in connection with banking and mortgage services.

76.    Counterclaim-Defendant AMERICAN HOME MORTGAGE knew that Counterclaim-Plaintiff AMERICAN HOME BANK had priority in and had been continuously and conspicuously using the service mark AMERICAN HOME BANK in connection with banking and mortgage services, but nonetheless chose to rename its recently acquired entity, AHMB, formerly known as Flower Bank, fsb, American Home Bank.

77.    Counterclaim-Defendant AMERICAN HOME MORTGAGE changed Flower Bank, fsb's name to American Home Bank on or about February 1, 2007.

78.    Counterclaim-Defendant AMERICAN HOME MORTGAGE's use of the service mark AMERICAN HOME BANK for services directly competitive with Counterclaim-Plaintiff AMERICAN HOME BANK's is likely to cause confusion with and compete unfairly with Counterclaim-Plaintiff AMERICAN HOME BANK.

79.    In the approximately five months since Counterclaim-Defendant AMERICAN HOME MORTGAGE has been operating Counterclaim-Defendant AHMB under the name American Home Bank, there have been numerous incidents of confusion between Counterclaim-Defendant AHMB and Counterclaim-Plaintiff AMERICAN HOME BANK.  These incidents of confusion include customers calling Counterclaim-Plaintiff AMERICAN HOME BANK in the belief that they were contacting Counterclaim-Defendant AHMI.  In addition, mortgage brokers have called Counterclaim-Plaintiff AMERICAN HOME BANK regarding loans made by Counterclaim-Defendant AMERICAN HOME MORTGAGE, based on the belief that

Counterclaim-Plaintiff AMERICAN HOME BANK is affiliated with Counterclaim-Defendant

AMERICAN HOME MORTGAGE.

## FIRST CAUSE OF ACTION
### Declaratory Judgment of Validity for AMERICAN HOME BANK's Service Mark

80.    Counterclaim-Plaintiff AMERICAN HOME BANK realleges and incorporates

the allegations set forth in Paragraphs 48 through 72 as if fully set forth herein.

81.    Counterclaim-Plaintiff AMERICAN HOME BANK has used its AMERICAN

HOME BANK service mark in connection with its banking and mortgage services continuously

and conspicuously since August 2001.

82.    Counterclaim-Plaintiff AMERICAN HOME BANK has therefore established

secondary meaning among the relevant public in its AMERICAN HOME BANK service mark.

83.    Based on the allegations set forth above, Counterclaim-Plaintiff AMERICAN

HOME BANK seeks a declaration that its service mark AMERICAN HOME BANK has

achieved secondary meaning and is thus a valid and protectable service mark.

## SECOND CAUSE OF ACTION
### Service Mark Infringement Under Section 43(a) of the Lanham Act

84.    Counterclaim-Plaintiff AMERICAN HOME BANK realleges and incorporates

the allegations set forth in Paragraphs 48 through 76 as if fully set forth herein.

85.    Counterclaim-Plaintiff AMERICAN HOME BANK is the rightful owner of the

service mark AMERICAN HOME BANK for use in connection with banking and mortgage

financing services.

86.    Counterclaim-Plaintiff AMERICAN HOME BANK is the prior owner of the

service mark AMERICAN HOME BANK for use in connection with banking and mortgage

financing services.

16

87.    Counterclaim-Defendant AHMB's use of the mark AMERICAN HOME BANK is likely to cause the relevant public to believe that Counterclaim-Defendant AHMB's business is somehow affiliated with, connected to or otherwise associated with Counterclaim-Plaintiff AMERICAN HOME BANK's business.

88.    Counterclaim-Defendant AHMB's use of the service mark AMERICAN HOME BANK in connection with banking services therefore constitutes service mark infringement.

**THIRD CAUSE OF ACTION**
**Common Law Service Mark Infringement Under The Laws of the State of New York**

89.    Counterclaim-Plaintiff AMERICAN HOME BANK realleges and incorporates the allegations set forth in Paragraphs 48 through 81 as if fully set forth herein.

90.    Counterclaim-Plaintiff AMERICAN HOME BANK owns and enjoys common law trademark rights in New York and throughout the United States in its AMERICAN HOME BANK service mark in connection with mortgage lending and banking services.  Counterclaim-Plaintiff AMERICAN HOME BANK has thus built up valuable goodwill in its AMERICAN HOME BANK service mark.

91.    Counterclaim-Defendant AMERICAN HOME MORTGAGE's intentional use of the name and mark AMERICAN HOME BANK to identify services directly competitive with Counterclaim-Plaintiff AMERICAN HOME BANK's services constitutes willful common law infringement and is causing and/or is likely to cause consumer confusion, mistake or deception as to the source, origin and/or sponsorship of Counterclaim-Defendant AHMB's services.

92.    Counterclaim-Plaintiff AMERICAN HOME BANK has been damaged by Counterclaim-Defendant AMERICAN HOME MORTGAGE's above-described use of Counterclaim-Plaintiff AMERICAN HOME BANK's service mark.

**FOURTH CAUSE OF ACTION**
**Common Law Unfair Competition Under the Laws of the State of New York**

93.     Counterclaim-Plaintiff AMERICAN HOME BANK realleges and incorporates the allegations set forth in Paragraphs 48 through 85 as if fully set forth herein.

94.     Counterclaim-Plaintiff AMERICAN HOME BANK owns and enjoys common law trademark rights in New York and throughout the United States in its AMERICAN HOME BANK service mark in connection with mortgage lending and banking services.  Counterclaim-Plaintiff AMERICAN HOME BANK has thus built up valuable goodwill in its AMERICAN HOME BANK service mark.

95.     Counterclaim-Defendant AMERICAN HOME MORTGAGE's intentional use of the name and mark AMERICAN HOME BANK to identify services directly competitive with Counterclaim-Plaintiff AMERICAN HOME BANK's services constitutes willful unfair competition and is causing and/or is likely to cause consumer confusion, mistake or deception as to the source, origin and/or sponsorship of Counterclaim-Defendant AHMB's services.

96.     At all relevant times, Counterclaim-Defendant AMERICAN HOME MORTGAGE has known of Counterclaim-Plaintiff AMERICAN HOME BANK's ownership of the AMERICAN HOME BANK service mark and has intentionally and willfully adopted that mark to trade unfairly on Counterclaim-Plaintiff AMERICAN HOME BANK's goodwill.

97.     Counterclaim-Defendant AMERICAN HOME MORTGAGE's above-described use of the AMERICAN HOME BANK service mark has caused damage to AMERICAN HOME BANK.

**FIFTH CAUSE OF ACTION**
**Deceptive Trade Practices Under the Laws of the State Of New York**

98.     Counterclaim-Plaintiff AMERICAN HOME BANK realleges and incorporates the allegations set forth in Paragraphs 48 through 90 as if fully set forth herein.

99.     Counterclaim-Defendant AMERICAN HOME MORTGAGE's intentional advertising, marketing and use of the name and service mark AMERICAN HOME BANK to identify services directly competitive with Counterclaim-Plaintiff AMERICAN HOME BANK's services is a consumer-oriented act materially deceiving and misleading to consumers.

100.    Counterclaim-Defendant AMERICAN HOME MORTGAGE's intentional advertisement, marketing and use of the AMERICAN HOME BANK service mark is materially deceiving or misleading because it misrepresents or gives the false impression as to the source of Counterclaim-Defendant AHMB's services and deceives or misleads consumers into believing that Counterclaim-Defendant AHMB's services are somehow associated with Counterclaim-Plaintiff AMERICAN HOME BANK and/or its AMERICAN HOME BANK service mark, to the detriment of AMERICAN HOME BANK.

101.    Counterclaim-Defendant AMERICAN HOME MORTGAGE's above-described use of the AMERICAN HOME BANK service mark constitutes willful deceptive trade practices under New York General Business Law §§ 349-350 and common law.

102.    Counterclaim-Defendant AMERICAN HOME MORTGAGE's above-described use of the AMERICAN HOME BANK service mark has caused damage to AMERICAN HOME BANK.

## SIXTH CAUSE OF ACTION
**Declaratory Judgment of Service Mark Invalidity ("American Home Mortgage")**

103.    Counterclaim-Plaintiff AMERICAN HOME BANK realleges and incorporates the allegations set forth in Paragraphs 48 through 95 as if fully set forth herein.

ny-760762

104.    The AMERICAN HOME MORTGAGE service mark is merely descriptive of a business offering home mortgages in the United States.

105.    The AMERICAN HOME MORTGAGE mark does not function as a service mark due to widespread third party use of this mark and due to Counterclaim-Defendant AMERICAN HOME MORTGAGE's failure to police the use of its mark.

106.    Counterclaim-Defendant AMERICAN HOME MORTGAGE has not achieved secondary meaning with the relevant public in its AMERICAN HOME MORTGAGE mark.

107.    Based on the allegations set forth above, Counterclaim-Plaintiff AMERICAN HOME BANK seeks a declaration that Counterclaim-Defendant AMERICAN HOME MORTGAGE's AMERICAN HOME MORTGAGE service mark is merely descriptive and lacks secondary meaning and, as such, is neither a valid mark nor entitled to registration.

### SEVENTH CAUSE OF ACTION
### Cancellation of United States Service Mark Registration ("American Home Mortgage")

108.    Counterclaim-Plaintiff AMERICAN HOME BANK realleges and incorporates the allegations set forth in Paragraphs 48 through 100 as if fully set forth herein.

109.    Based on the allegations set forth above, Counterclaim-Plaintiff AMERICAN HOME BANK seeks cancellation of Registration No. 3156153 for the AMERICAN HOME MORTGAGE service mark for mortgage and home equity services, namely originating and servicing mortgages and home equity loans.

### EIGHTH CAUSE OF ACTION
### Declaratory Judgment of Service Mark Invalidity ("American Home Mortgage Investment Corp.")

110.    Counterclaim-Plaintiff AMERICAN HOME BANK realleges and incorporates the allegations set forth in Paragraphs 48 through 102as if fully set forth herein.

111.    Counterclaim-Defendant AMERICAN HOME MORTGAGE's AMERICAN HOME MORTGAGE INVESTMENT CORP. service mark is merely descriptive of a corporation that invests in real estate mortgages in the United States.

112.    The AMERICAN HOME MORTGAGE INVESTMENT CORP. mark does not function as a service mark due to widespread third party use of this mark and due to Counterclaim-Defendant AMERICAN HOME MORTGAGE's failure to police the use of its mark.

113.    Counterclaim-Defendant AMERICAN HOME MORTGAGE has not achieved secondary meaning with the relevant public in its AMERICAN HOME MORTGAGE INVESTMENT CORP. service mark.

114.    Based on the allegations set forth above, Counterclaim-Plaintiff AMERICAN HOME BANK seeks a declaration that Counterclaim-Defendant AMERICAN HOME MORTGAGE's AMERICAN HOME MORTGAGE INVESTMENT CORP. service mark is merely descriptive and lacking secondary meaning and, as such, is neither a valid mark nor entitled to registration.

**NINTH CAUSE OF ACTION**
**Cancellation of United States Service Mark Registration ("American Home Mortgage")**

115.    Counterclaim-Plaintiff AMERICAN HOME BANK realleges and incorporates the allegations set forth in Paragraphs 48 through 107 as if fully set forth herein.

116.    Based on the allegations set forth above, Counterclaim-Plaintiff AMERICAN HOME BANK seeks cancellation of Registration No. 3059692 for the AMERICAN HOME MORTGAGE INVESTMENT CORP. service mark for investment services.

**PRAYER FOR RELIEF**

ny-760762

Wherefore American Home Bank, N.A. prays:

A.     For dismissal of Counterclaim-Defendants' Complaint; and

B.     For a declaratory judgment of service mark validity of Counterclaim-Plaintiff's AMERICAN HOME BANK service mark; and

C.     For a judgment that Counterclaim-Defendants have engaged in service mark infringement pursuant to Section 43(a) of the Lanham Act; and

D.     For a judgment that Counterclaim-Defendants have engaged in service mark infringement under the laws of the State of New York; and

E.     For a judgment that Counterclaim-Defendants have engaged in unfair competition under the laws of the State of New York; and

F.     For a judgment that Counterclaim-Defendants have engaged in deceptive trade practices in violation of New York General Business Law §§ 349-350; and

G.     For a declaratory judgment of service mark invalidity of Counterclaim-Defendants' AMERICAN HOME MORTGAGE service mark; and

H.     For cancellation of United States Patent and Trademark Office Registration No. 3156153 for Counterclaim-Defendants' AMERICAN HOME MORTGAGE service mark; and

I.     For a declaratory judgment of service mark invalidity of Counterclaim-Defendants' AMERICAN HOME MORTGAGE INVESTMENT CORP. service mark; and

J.     For cancellation of United States Patent and Trademark Office Registration No. 3059692  for Counterclaim-Defendants' AMERICAN HOME MORTGAGE INVESTMENT CORP. service mark; and

K.     For preliminary and permanent injunctions, restraining and enjoining Counterclaim-Defendants, its agents, servants, directors, principals, officers, employees, successors, assigns and all those acting under its control from (i) continuing to operate their business under the name AMERICAN HOME BANK or any other name or mark that is likely to cause confusion with Counterclaim-Plaintiff's AMERICAN HOME BANK name and mark, and (ii) from otherwise unfairly competing with Counterclaim-Plaintiff; and

L.     That Counterclaim-Defendants be directed to pay and account to Counterclaim-Plaintiff all damages it has sustained by reason of the aforementioned violations to the full extent provided for by the Lanham Act, and by the common law of unfair competition; and

M.     That Counterclaim-Defendants be directed to pay to Counterclaim-Plaintiff its reasonable costs and attorneys' fees incurred in connection with this action due to Counterclaim-Defendants' infringement and unfair competition; and

N.     That Counterclaim-Defendants, pursuant to New York General Business Law §§ 349-350, be required to pay the amount of damages incurred by Counterclaim-Plaintiff as a result of Counterclaim-Defendants' deceptive trade practices, and is further entitled to attorneys' fees and treble damages as a result of the willful and malicious nature of Counterclaim-Defendants' acts; and

O.     That Counterclaim-Defendants be required, pursuant to 15 U.S.C. § 1118, to deliver to this Court or to Counterclaim-Plaintiff's authorized agents, all advertising and promotional materials, source code, computer back-ups, labels, cartons, brochures, business stationary, calling cards, information sheets, posters, signs and other printed or graphic materials of any type, including the plates, molds or any other means for producing the same which bear the AMERICAN HOME BANK mark; and

P.    That Counterclaim-Defendants be directed to file with this Court and serve upon Counterclaim-Plaintiff, within five (5) days after entry of an order granting injunctive relief, a report, in writing and under oath, setting forth in detail the manner and form in which Counterclaim-Defendants have complied with the injunction; and

Q.    That Counterclaim-Plaintiff be awarded such other and further relief as this Court deems just and proper.

Dated: New York, NY                    MORRISON & FOERSTER LLP
       July 13, 2007


                                   By:    /s/ *Jamie A. Levitt*
                                          _____
                                          James E. Hough
                                          Jamie A. Levitt
                                          Rachel L. Quitkin

                                          Attorneys for Defendant
                                          American Home Bank, N.A.
                                          1290 Avenue of the Americas
                                          New York, NY  10104-0050
                                          212.468.8000

ny-760762