Mark Zeichner
Yoav M. Giver
ZEICHNER ELLMAN & KRAUSE LLP
575 Lexington Avenue
New York, New York  10022
(212) 223-0400

Steven M. Weinberg
Greenberg Glusker Fields Claman & Machtinger
1900 Avenue of the Stars
Los Angeles, California 90067
(310) 201-7408

*Attorneys for Plaintiffs/Counterclaim-Defendants*
 *American Home Mortgage Investment, Corp. and*
 *American Home Mortgage Corp. and*
 *Counterclaim-Defendant American Home Bank*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN HOME MORTGAGE INVESTMENT, CORP., a Maryland Corporation, and AMERICAN HOME MORTGAGE CORP., a New York Corporation,<br><br>                                     Plaintiffs,<br><br>        - against -<br><br>AMERICAN HOME BANK, N.A., a National Banking Association,<br><br>                                  Defendant. | Index No.: 07 CIV 4077 (LAP)<br><br><br>**REPLY TO COUNTERCLAIMS** |
| AMERICAN HOME BANK, N.A., a National Banking Association,<br><br>                    Counterclaim-Plaintiff,<br><br>        - against -<br><br>AMERICAN HOME MORTGAGE INVESTMENT, CORP., a Maryland Corporation, AMERICAN HOME MORTGAGE CORP., a New York Corporation and AMERICAN HOME BANK, an Illinois Savings Association,<br><br>                    Counterclaim-Defendants. | |

Plaintiffs/Counterclaim-Defendants AMERICAN HOME MORTGAGE INVESTMENT CORP. and AMERICAN HOME MORTGAGE CORP. and Counterclaim-Defendant AMERICAN HOME BANK (collectively, "Counterclaim-Defendants") by their undersigned attorneys hereby respond to the numbered paragraphs of Defendant/Counterclaim-Plaintiff's Counterclaims (the "Counterclaims") as follows:

56.    Counterclaim-Defendants admit the allegations in Paragraph 56 of the Counterclaims.

57.    Counterclaim-Defendants admit the allegations in Paragraph 57 of the Counterclaims.

58.    Counterclaim-Defendants deny the second sentence of Paragraph 58 of the Counterclaims, and otherwise admit the allegations in Paragraph 58 of the Counterclaims.

59.    Counterclaim-Defendants admit the allegations in Paragraph 59 of the Counterclaims.

60.    Counterclaim-Defendants admit the allegations in Paragraph 60 of the Counterclaims.

61.    Paragraph 61 of the Counterclaims comprises a request for a jury trial as to which no response is required.

62.    Counterclaim-Defendants admit the allegations in Paragraph 62 of the Counterclaims.

63.    Counterclaim-Defendants admit the allegations in Paragraph 63 of the Counterclaims.

64.    Counterclaim-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Counterclaims and therefore deny same.

65.    Counterclaim-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Counterclaims and therefore deny same.

66.    Counterclaim-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the Counterclaims and therefore deny same, except admit that the records of the United States Patent and Trademark Office speak for themselves.

67.    Counterclaim-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the Counterclaims and therefore deny same.

68.    Counterclaim-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of the Counterclaims and therefore deny same, except that Counterclaim-Defendants admit

that Counterclaim-Plaintiff offers banking services and  that its primary business is originating and servicing residential mortgages.

69.    Counterclaim-Defendants deny the allegations in Paragraph 69 of the Counterclaims.

70.    Counterclaim-Defendants deny the allegations in Paragraph 70 of the Counterclaims.

71.    Counterclaim-Defendants admit the allegations in Paragraph 71 of the Counterclaims.

72.    Counterclaim-Defendants deny the allegations in Paragraph 72 of the Counterclaims.

73.    Counterclaim-Defendants deny the allegations in Paragraph 73 of the Counterclaims.

74.    Counterclaim-Defendants deny the allegations in Paragraph 74 of the Counterclaims.

75.    Counterclaim-Defendants admit that on or about October 19, 2006 Counterclaim-Defendant AMERICAN HOME MORTGAGE acquired Flower Bank, fsb, now called AMERICAN HOME BANK, and otherwise deny the allegations in Paragraph 75 of the Counterclaims.

76.    Counterclaim-Defendants deny the allegations in Paragraph 76 of the Counterclaims.

77.    Counterclaim-Defendants admit the allegations in Paragraph 77 of the Counterclaims.

78.    Counterclaim-Defendants deny the allegations in Paragraph 78 of the Counterclaims, but admit that Counterclaim-Plaintiff's activities under the AMERICAN HOME BANK name violate Counterclaim-Defendants AMERICAN HOME MORTGAGE INVESTMENT CORP. and AMERICAN HOME MORTGAGE CORP.'s exclusive rights in the AMERICAN HOME MORTGAGE and AMERICAN HOME BANK service marks, as alleged in the Complaint.

79.    Counterclaim-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 of the Counterclaims and therefore deny same, except that, to the extent that such incidents of consumer confusion exist, they demonstrate that Defendant/Counterclaim-Plaintiff's use of AMERICAN HOME BANK infringes Plaintiffs/Counterclaim-Defendants' AMERICAN HOME MORTGAGE and AMERICAN HOME BANK marks, Counterclaim-Defendants admit same.

80.    Counterclaim-Defendants repeat their responses to Paragraphs 48-72 of the Answer and Counterclaims as if fully set forth herein.

81.    Counterclaim-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 of the Counterclaims and therefore deny same.

82.    Counterclaim-Defendants deny the allegations of Paragraph 82 of the Counterclaims.

83.    No response is required to the allegations of Paragraph 83 of the Counterclaims other than Counterclaim-Defendants deny that Counterclaim-Plaintiff is entitled to such relief.

84.    Counterclaim-Defendants repeat their responses to Paragraphs 48-76 of the Answer and Counterclaims as if fully set forth herein.

85.    Counterclaim-Defendants deny the allegations of Paragraph 85 of the Counterclaims.

86.    Counterclaim-Defendants deny the allegations of Paragraph 86 of the Counterclaims.

87.    Counterclaim-Defendants deny the allegations of Paragraph 87 of the Counterclaims, except that, to the extent that Defendant-Counterclaim Plaintiff's use of AMERICAN HOME BANK infringes Plaintiffs-Counterclaim Defendants' AMERICAN HOME MORTGAGE and AMERICAN HOME BANK marks, Counterclaim-Defendants admit same.

88.    Counterclaim-Defendants deny the allegations of Paragraph 88 of the Counterclaims.

89.    Counterclaim-Defendants repeat their responses to Paragraphs 48-81 of the Answer and Counterclaims as if fully set forth herein.

90.    Counterclaim-Defendants deny the allegations of Paragraph 90 of the Counterclaims.

91.    Counterclaim-Defendants deny the allegations of Paragraph 91 of the Counterclaims.

92.    Counterclaim-Defendants deny the allegations of Paragraph 92 of the Counterclaims.

93.    Counterclaim-Defendants repeat their responses to Paragraphs 48-85 of the Counterclaims.

94.    Counterclaim-Defendants deny the allegations of Paragraph 94 of the Answer and Counterclaims as if fully set forth herein.

95.    Counterclaim-Defendants deny the allegations of Paragraph 95 of the Counterclaims.

96.    Counterclaim-Defendants deny the allegations of Paragraph 96 of the Counterclaims.

97.     Counterclaim-Defendants deny the allegations of Paragraph 97 of the Counterclaims.

98.     Counterclaim-Defendants repeat their responses to Paragraphs 48-90 of the Answer and Counterclaims as if fully set forth herein.

99.     Counterclaim-Defendants deny the allegations of Paragraph 99 of the Counterclaims.

100.    Counterclaim-Defendants deny the allegations of Paragraph 100 of the Counterclaims.

101.    Counterclaim-Defendants deny the allegations of Paragraph 101 of the Counterclaims.

102.    Counterclaim-Defendants deny the allegations of Paragraph 102 of the Counterclaims.

103.    Counterclaim-Defendants repeat their responses to Paragraphs 48-95 of the Answer and Counterclaims as if fully set forth herein.

104.    Counterclaim-Defendants deny the allegations of Paragraph 104 of the Counterclaims.

105.    Counterclaim-Defendants deny the allegations of Paragraph 105 of the Counterclaims.

106.   Counterclaim-Defendants deny the allegations of Paragraph 106 of the Counterclaims.

107.   No response is required for the statement in Paragraph 107 of the Counterclaims other than Counterclaim-Defendants deny that Counterclaim-Plaintiff is entitled to such relief.

108.   Counterclaim-Defendants repeat their responses to Paragraphs 48-100 of the Answer and Counterclaims as if fully set forth herein.

109.   No response is required for the statement in Paragraph 109 of the Counterclaims other than Counterclaim-Defendants deny that Counterclaim-Plaintiff is entitled to such relief.

110.   Counterclaim-Defendants repeat their responses to Paragraphs 48-102 of the Answer and Counterclaims as if fully set forth herein.

111.   Counterclaim-Defendants deny the allegations of Paragraph 111 of the Counterclaims.

112.   Counterclaim-Defendants deny the allegations of Paragraph 112 of the Counterclaims.

113.   Counterclaim-Defendants deny the allegations of Paragraph 113 of the Counterclaims.

114.    No response is required for the statement in Paragraph 114 of the Counterclaims other than Counterclaim-Defendants deny that Counterclaim-Plaintiff is entitled to such relief.

115.    Counterclaim-Defendants repeat their responses to Paragraphs 48-107 of the Answer and Counterclaims as if fully set forth herein.

116.    No response is required for the statement and Prayer for Relief in Paragraph 116 of the Counterclaims other than Counterclaim-Defendants deny that Counterclaim-Plaintiff is entitled to such relief.

### FIRST AFFIRMATIVE DEFENSE

117.    Counterclaim-Plaintiff has failed to state any claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

118.    Counterclaim-Plaintiff cannot as a matter of law establish any rights in the AMERICAN HOME BANK mark prior to those of Counterclaim-Defendants and therefore lacks standing to assert any of the Counterclaims.

### THIRD AFFIRMATIVE DEFENSE

119.    By virtue of Counterclaim-Defendant American Home Mortgage Investment Corp.'s federally registered rights in the AMERICAN HOME MORTGAGE mark, Reg. No. 3156153, and Counterclaim-Plaintiff's lack of any federally registered

rights in the AMERICAN HOME BANK mark, Counterclaim-Plaintiff cannot as a matter of law establish any rights superior to the Counterclaim-Defendants.

## FOURTH AFFIRMATIVE DEFENSE

120.    By its admission that there is a likelihood of confusion and actual confusion between Counterclaim-Plaintiff's use of AMERICAN HOME BANK and Counterclaim-Defendants' AMERICAN HOME MORTGAGE and AMERICAN HOME BANK marks (Counterclaims Paragraph 79), Counterclaim-Plaintiff has admitted that (a) AMERICAN HOME MORTGAGE and AMERICAN HOME BANK are confusingly similar, and thus that (b) Counterclaim-Plaintiff's use of AMERICAN HOME BANK infringes Counterclaim-Defendants' AMERICAN HOME MORTGAGE and AMERICAN HOME BANK marks everywhere in the country in which Counterclaim-Plaintiff cannot establish rights prior to Counterclaim-Defendants. Further, by virtue of Counterclaim-Defendant American Home Mortgage Investment Corp.'s federally registered rights in the AMERICAN HOME MORTGAGE mark, Counterclaim-Plaintiff's use of AMERICAN HOME BANK presumptively infringes American Home Mortgage Investment Corp.'s federally registered rights in the AMERICAN HOME MORTGAGE mark.

## FIFTH AFFIRMATIVE DEFENSE

121.    Counterclaim-Plaintiff's allegation that AMERICAN HOME MORTGAGE is merely descriptive and/or not subject to protection under the Trademark Law is an admission that AMERICAN HOME BANK as used by

Counterclaim-Plaintiff is merely descriptive and/or not subject to protection under the Trademark Law, and therefore each of Counterclaim-Plaintiff's Counterclaims are subject to dismissal.

## SIXTH AFFIRMATIVE DEFENSE

122.    Any damages allegedly suffered by Counterclaim-Plaintiff were caused in whole or in part by the actions or inactions of Counterclaim-Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

123.    If there was any violation of any right to Counterclaim-Plaintiff, which Counterclaim-Defendant deny, it was unintentional and not deliberate or willful, and any alleged damage to plaintiff was *de minimus*.

## EIGHTH AFFIRMATIVE DEFENSE

124.    Counterclaim-Plaintiff's claims are barred by the doctrine of waiver, estoppel, and/or unclean hands.

## NINTH AFFIRMATIVE DEFENSE

125.    If damages allegedly sustained by Counterclaim-Plaintiff occurred in the manner alleged in the Counterclaims, such damages and injuries are attributable, in whole or in part, to the negligence and/or culpable conduct of Counterclaim-Plaintiff, and if any damages are recoverable against Counterclaim-Defendant, the amount of such damages shall be diminished in the proportion which the

negligence and/or culpable conduct attributable to Counterclaim-Plaintiff bears to the negligence and/or culpable conduct which caused the damages.

WHEREFORE, Plaintiffs/Counterclaim-Defendants demand the following relief:

1.    Granting Plaintiffs/Counterclaim-Defendants judgment on their Complaint and dismissing all Counterclaims;

2.    Awarding Plaintiffs/Counterclaim-Defendants all of their attorneys fees and costs incurred in defending the Counterclaims and in prosecuting the claims in the Complaint;

3.    Entering an order preliminarily and permanently enjoining Defendant/Counterclaim-Plaintiff from using the AMERICAN HOME BANK name and service mark; and

4.    Awarding Plaintiffs/Counterclaim-Defendants such other and further relief as this Court deems just and proper.

Dated:    New York, New York
          August 2, 2007                    ZEICHNER ELLMAN & KRAUSE LLP

                                            By: _____
                                                Mark Zeichner
                                                Yoav M. Griver
                                                Attorneys for Plaintiffs/
                                                Counterclaim-Defendants
                                                575 Lexington Avenue
                                                New York, NY 10022
                                                (212) 223-0400

Of Counsel:

Steven M. Weinberg, Esq.
Greenberg Glusker Fields Claman & Machtinger
1900 Avenue of the Stars
Los Angeles, CA 90067
(310) 201-7408

STATE OF NEW YORK,                              AFFIDAVIT OF SERVICE
COUNTY OF NEW YORK                              BY FIRST CLASS MAIL

     ANTHONY ROSARIO, being duly sworn, says:  that I am over the age of eighteen years, and am not a party herein, and reside in Bronx County, New York and that on the 2nd day of August, 2007, I served a true copy of the within **REPLY TO COUNTERCLAIMS** upon the attorneys hereinafter named at the place hereinafter stated by depositing the same, properly enclosed in post-paid, properly addressed wrapper, into the exclusive care and custody of a depository maintained and controlled by the U.S. Post Office for delivery by first class mail to said attorneys at their last known address given below:

James E. Hough
Jamie A. Levitt
Rachel L. Quitkin
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104-0050

                                           ANTHONY ROSARIO

Sworn to before me this
2nd day of August, 2007

           NOTARY PUBLIC

MICHAEL W. ANTONIVICH
Notary Public, State of New York
No. 01AN4762190
Qualified in Nassau County
Commission Expires June 30, 20__

508580.01/10331-052/ar